**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4239**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SETH JAYE CLARK, a/k/a Meeko,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (5:04-cr-30018-gec)

Submitted: July 23, 2007          Decided: August 7, 2007

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

R. Darren Bostic, BOSTIC & BOSTIC, PC, Harrisonburg, Virginia, for Appellant. Ray Burton Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seth Jaye Clark appeals his conviction and 156-month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). The Government has moved to dismiss Clark's appeal based upon the waiver of appellate rights in his plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d 168.

Our review of the record leads us to conclude that Clark knowingly and voluntarily waived the right to appeal his sentence and the sentencing issues he raises fall within the scope of the waiver. We therefore, grant, in part, the Government's motion to dismiss, and we dismiss the portion of the appeal relating to Clark's sentence.

While the appellate waiver does not preclude Clark's challenge to the validity of his guilty plea, we have reviewed these claims as well and conclude that the district court fully complied with Fed. R. Crim. P. 11, Clark knowingly and voluntarily entered into his plea, and the district court did not err in accepting his plea. Thus, although we deny the Government's motion to dismiss the appeal as to Clark's challenge to the validity of his conviction, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>